[780 NYS2d 790]

In the Matter of RODNEY E. BATTS, an Attorney, Resignor.

Second Department, August 16, 2004

### APPEARANCES OF COUNSEL

*Rodney E. Batts*, Hempstead, resignor pro se.

*Robert P. Guido*, Syosset (*Dianne M. Saccone* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Rodney E. Batts has submitted an affidavit dated March 9, 2004, wherein he tenders his resignation as an attorney and

counselor-at-law (*see* 22 NYCRR 691.9). Mr. Batts was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 13, 1978.

In the course of his proffered resignation, Mr. Batts acknowledges his awareness that the Grievance Committee has adduced evidence of his professional misconduct by its ongoing investigation and that charges would definitely be prosecuted in a disciplinary proceeding to be recommended to the Appellate Division. Mr. Batts avers that he was retained by Estina A. Kabia on or about March 31, 2003, to represent her in the sale of her home in Eastchester. Pursuant to a contract of sale entered into with Thomas Fabian and Eileen Fabian, Mr. Batts was to hold, in his attorney escrow account, the $46,000 down payment tendered by the purchasers. At the closing on October 29, 2003, Mr. Batts provided his client with an attorney escrow check for $46,000. When Ms. Kabia deposited that check on or about November 3, 2003, it failed to clear and was returned for insufficient funds. Mr. Batts concedes that he failed to preserve the contract down payment in his escrow account from the time the contract was signed to the date of closing, in violation of his fiduciary responsibilities.

Mr. Batts acknowledges that he cannot successfully defend himself on the merits of any charges which have been initiated against him by the Grievance Committee. He further acknowledges that his resignation is freely and voluntarily tendered and that he is not being subject to coercion or duress by anyone. Mr. Batts has discussed his decision to resign with others whose advice and counsel he respects, including the fact that he will be barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Batts's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, and he acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. Mr. Batts specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted and, effective immediately,

Rodney E. Batts is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and S. MILLER, JJ., concur.

Ordered that the resignation of Rodney E. Batts is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rodney E. Batts is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Rodney E. Batts shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Rodney E. Batts is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Rodney E. Batts has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).